IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2024

## BOBBY L. FRANKLIN v. BRIAN ELLER, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-23-CR-26   Stacy L. Street, Judge**

_____

### No. E2023-01018-CCA-R3-HC

_____

The pro se petitioner, Bobby L. Franklin, appeals from the denial of his petition for writ of habeas corpus by the Criminal Court for Johnson County, arguing the habeas court erred in summarily dismissing his petition. The petitioner asserts he is entitled to habeas corpus relief because a "new judgment" was entered, lengthening his sentence. Following our review, we conclude that the petitioner's notice of appeal was untimely and that the interest of justice does not mandate waiver of this requirement. Thus, the instant appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. Ross Dyer, J., delivered the opinion of the court, in which Robert L. Holloway, Jr. and Robert H. Montgomery, Jr., JJ., joined.

Bobby L. Franklin, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Steven R. Finney, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

In December 1997, the petitioner was convicted of four counts of aggravated sexual battery, one count of aggravated rape, and three counts of rape of child. The petitioner received an effective sentence of 100 years. On direct appeal in 1999, this Court found that the petitioner's conviction for Count 4, rape of a child that occurred between 1992 and 1993, should have been charged and sentenced under the aggravated rape statute that was effective until July 1, 1992. *State v. Franklin*, No. 02C01-9804-CR00129, 1999 WL

233566, at *3 (Tenn. Crim. App. Apr. 13, 1999), *perm. app. denied* (Tenn. Oct. 4, 1999). Specifically, this Court held that because the State was not able to establish that the rape occurred after July 1, 1992, the date the rape of a child statute went into effect, the petitioner could not be sentenced under the statute's 100% service requirement. *Id.* at *6. This Court did not alter the conviction itself because the elements of rape of a child and aggravated rape were identical. *Id.* However, the judgment for Count 4 was modified to reflect that the petitioner's 25-year sentence was to be served as a standard offender with a 30% release eligibility. *Id.* at *14. No other alterations were made to the petitioner's judgments.

In March 2023, the petitioner filed the instant petition for writ of habeas corpus. The petitioner asserted that an unknown person had "submitted a new [m]ittimus on the original charge" that changed his sentence to 50 years at 100% service. He argued "the new mittimus was not a misinterpretation of an existing sentence," but was "fraudulent and has no authority whatsoever." In response, the State filed its "Motion to Dismiss Petition for Writ of Habeas Corpus" arguing the petition should be summarily dismissed as procedurally defective because the petition contained only two of the eight judgments of conviction. In addition, the State also argued the petition failed to state a cognizable claim for habeas corpus relief. In response, the petitioner filed a "Response to State's Motion to Dismiss," attaching an additional five judgments. However, the judgment for Count 2 was, again, omitted.

On May 22, 2023, the habeas court entered an order summarily dismissing the petition. On July 14, 2023, the petitioner filed an untimely notice of appeal to this Court.

**Analysis**

The petitioner appeals the habeas court's summary dismissal of his petition for writ of habeas corpus. He claims an unknown person entered a new judgment "extending the petitioner's release date by years." The State contends that the petitioner's judgments "do not show that an unknown court modified his sentence—rather, they accurately reflect his sentence as modified and affirmed by this Court in 1999" and that "the petitioner failed to comply with the strict statutory requirements for filing habeas corpus petitions."

Though not raised by either party, we initially note that the petitioner's appeal is untimely. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P. 4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever

- 2 -

confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the Rule." *Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). "Although [the petitioner's] filing was pro se, Rule 4 does not relieve pro se [petitioners] from the [thirty-day] notice requirement." *Hill*, 1996 WL 63950, at *1. It is the burden of the petitioner to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(b).

Here, the habeas court's order denying the petitioner's writ for habeas corpus was stamped "Filed" on May 25, 2023. The petitioner did not file his notice of appeal until July 14, 2023, a date beyond the thirty-day time period. The petitioner neither provided a reason for the untimeliness of his notice of appeal, nor did he request a waiver of the rule. Despite the untimeliness of the petitioner's notice of appeal, the State raised no objection to this Court's jurisdiction based on the untimeliness of the notice of appeal. However, as noted above, waiver should only occur when "the interest of justice" requires such. *Rockwell*, 280 S.W.3d at 214, and it does not in the instant matter. The petitioner failed to comply with the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(2) because he failed to attach copies of all judgments of conviction that are the cause of his restraint and failed to provide an explanation for their absence in his petition. Accordingly, the "interest of justice" does not mandate the waiver of the timeliness requirement, and the instant appeal is dismissed.

## Conclusion

Based on the foregoing authorities and reasoning, we conclude the interests of justice do not mandate waiver of the timeliness requirement, and therefore, dismiss the appeal.

_____
J. ROSS DYER, JUDGE

- 3 -